# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3873 | **DATE** | 11/29/2011 |
| **CASE TITLE** | Mazen Jubeh (#2009-0004440) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

The briefing order set by the court in its 11/10/11 order for Defendant Aramark's motion to dismiss [45] is vacated. The court denies Aramark's motion to dismiss and amended motion to dismiss [35, 42], and directs it to answer the complaint or otherwise plead within 30 days of the date of this order. The status hearing set for 3/20/12 at 9:00 a.m. stands, and Defendants shall make arrangements for Jubeh to participate by phone.

■[ For further details see text below.]                                              Docketing to mail notices.

## STATEMENT

Plaintiff Mazen Jubeh, incarcerated at the Cook County Jail, filed this civil rights 42 U.S.C. § 1983 suit against jail officials, nurses, doctors, and Aramark Food Services. Jubeh alleges the following: meals at the jail are left uncovered for long periods of time before being served to inmates; meals are served cold and contaminated; Jubeh contracted H. Pylori from the condition of the food; he experiences stomach pains; nurses and doctors have ignored his complaints of pain and failed to treat him for months after he was diagnosed; and jail officials ignored his complaints about the way meals were served and about him not receiving treatment. (Complaint at 3-4.)

Currently before the court are a motion and an amended motion to dismiss by Aramark. It contends that it is not a state actor under § 1983, that Jubeh does not allege that he suffered a severe or serious physical injury, that he does not allege an unconstitutional policy of Aramark to hold it liable in its official capacity, that Aramark cannot be vicariously liable for the actions its employees with respect to any individual-capacity claims, and that Plaintiff fails to allege that he exhausted his administrative remedies. A briefing schedule was set by the court, but upon further review of the motion, Jubeh need not respond. For the following reasons, the court denies Aramark's motions and directs it to answer the complaint.

When considering a motion to dismiss, a court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ultimate ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996).

Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendant with sufficient notice of the claim, including the grounds upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007). Furthermore, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

With respect to Aramark's main contention – that it is not a state actor, to establish a § 1983 claim,

# STATEMENT

Plaintiff must demonstrate the deprivation of a constitutional or federal right by a party acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). A private company, such as Aramark, may be considered a state actor under certain circumstances. When the state has a constitutional duty, it may delegate that function to a private party who "voluntarily assume[s] that obligation by contract." *Id.* at 56. The "delegation of that traditionally exclusive public function to a private [party] g[ives] rise to a finding of state action." *Id.* at 55; *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 826 (7th Cir., 2009). In *West*, the Supreme Court held that a private physician was a state actor, when he contracted with a state prison to attend to inmates' medical needs. The physician's "function[s] within the state system, not the precise terms of his employment, [determined] whether his actions c[ould] fairly be attributed to the State." *West*, 487 U.S. at 55-56.

In this case, Cook County has a duty to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to [detainees'] health and well being." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). The county has contracted with Aramark to perform this function. (Doc. #43-3, Exh. C, copy of portions of the contract between Aramark and the county). Just as a private doctor may be held liable for voluntarily assuming the public function of providing medical services to an inmate, Aramark has voluntarily assumed the function of providing nutritionally adequate food to inmates and may be subject to section 1983 liability if its conduct violated the inmate's constitutional right to adequate food. Addressing this same argument, several courts have held that Aramark may be considered a state actor under § 1983. *McRoy v. Sheahan*, No. 03 C 4718, 2004 WL 1375527, *2 (N.D. Ill. June 17, 2004) (Brown, M.J.) ("As a contractor performing the public function of running a jail[,] Aramark is acting under the color of state law and is treated the same as a municipality for purposes of § 1983"); *see also Jones v. Helder*, No. 09 C 5044, 2011 WL 1194008, *5 (W.D. Ark. March 8, 2011) (Setser, M.J.), adopted by 2011 WL 1193733 (W.D. Ark. Mar 29, 2011) (Hendren, J.) ; *Grimes v. Aramark Correctional Services Co.*, No. 5, 10CV-P43-R, 2010 WL 4638780, *3 at n.4 (W.D. Ky. Nov. 5, 2010) (Russell, J.); *McCullum v. City of Philadelphia,* No. 98-5858, 1999 WL 493696,*2- 3 (E.D. Pa. July 13, 1999) (Bechtle, J.).

The cases relied upon by Aramark focus mainly on deficiencies in the complaints with not sufficiently alleging how Aramark was involved. *See Young v. Martinez*, No. 07-01222, 2008 WL 793575, *2-3 (D. Colo. March 21, 2008) (Wiley, J.) (plaintiff alleged no policy or custom by Aramark to hold it liable in its official capacity, and plaintiff did not allege how Aramark could be a state actor under § 1983); *Strope v. Cline*, No. 07 C 03254 (D. Kan. March 18, 2010) (Doc. #20, Exh. E) (plaintiff did not allege how two individual Aramark employees were personally involved). Although a judge of this court recently granted a similar motion to dismiss by Aramark, the court simply noted that Aramark, as a private company contracting with the state, did not fit within the traditional definition of "state actor," but went on to hold that, even if Aramark could be considered a state actor, the claim against it was based upon vicarious liability, which is unavailable in a § 1983 action. *Moore v. Vendor/Aramark*, No. 11 C 2327, 2011 U.S. Dist. LEXIS 78893 (N.D. Ill. July 20, 2011) (Shadur, J.).

In the instant case, Jubeh alleges that Aramark is a "subcontractor at the County jail ... in charge of the preparation and distribution of food for the detainees," and that meals arrive to his unit "without protective covering" and "with foreign substances in" them, and that they "sit[ ] for substantial lengths of time before being served," (Complaint at 2-3.) Such allegations indicate that Aramark both has contracted to perform the function of providing nutritionally adequate meals to inmates and may be responsible for an unsanitary manner meals are delivered to detainees. Aramark's argument that it cannot be considered a state actor is without merit.

Also without merit is Aramark's contention that Jubeh failed to allege a custom or policy claim against it. An unconstitutional condition is the result of a policy or custom if there was (1) an express policy that caused the constitutional deprivation or (2) a widespread practice that amounted to a custom. *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008). Jubeh's allegations indicate that the unprotected covering of food and delays with delivering meals was and is a continuing condition that has existed since 2009. (Complaint 3-4.) Such a widespread practice may constitute a custom to establish an official-capacity claim against Aramark.

With respect to Aramark's other contentions that Jubeh has not alleged a sufficiently serious physical harm and that he failed to exhaust administrative remedies, Jubeh's allegations that he suffered stomach pains

| STATEMENT |
|---|
| and an H. Pylori infection as a result of the unsanitary way food was delivered and that he filed several grievances suffice. (Complaint at 3-4); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997) (serious medical condition can include chronic pain); *Turley v. Gaetz*, 625 F.3d 1005,1013 (7th Cir. 2010) (dismissal of a claim for failure to exhaust on initial review is warranted only if it is obvious on the face of the complaint).<br><br>  Accordingly, for the reasons stated above, the court vacates its briefing schedule, denies Aramark's motion to dismiss and amended motion to dismiss, and directs Aramark to answer the complaint within 30 days of the date of this order. |