IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAZEN JUBEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CV 3873 |
| | ) | Hon. Robert W. Gettleman |
| THOMAS DART, ARAMARK FOOD | ) | |
| SERVICE, NURSE PRICE, NURSE JACK, | ) | |
| NURSE WASHINGTON, MANISHA PATEL, | ) | |
| DOCTOR WILLIAMSON and COUNTY OF | ) | |
| COOK IN THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Mazen Jubeh (the "**Plaintiff**"), by and through his attorneys, and for his First

Amended Complaint against defendants Thomas J. Dart, Aramark Correctional Services, LLC

(sued here as Aramark Food Service), Nurse Judy Price (sued here as Nurse Price), Nurse

Jacqueline Jack (sued here as Nurse Jack), Nurse Diane Washington (sued here as Nurse

Washington), Manisha Patel, Doctor Sunita Williamson (sued here as Dr. Williamson), and the

County of Cook in the State of Illinois (collectively, "**Defendants**"), hereby states as follows:

**INTRODUCTION**

1.      This is a civil action for damages and injunctive relief brought by Plaintiff

pursuant to the United States Constitution (the "**U.S. Constitution**") and 42 U.S.C. § 1983,

arising from deprivations by the Defendants, under color of law, of Plaintiff's rights under the

Fourteenth Amendment to the U.S. Constitution.

**PARTIES**

2.      Plaintiff Mazen Jubeh (the "**Plaintiff**") is an individual residing in Cook County,

Illinois.  Plaintiff, at all times relevant to the incidents that are the subject of this lawsuit, has

been a pre-trial detainee in the Cook County Department of Corrections (the "**County Jail**") at 2700 South California, in Chicago, Illinois.

3.       Defendant Thomas J. Dart, at all times relevant to the incidents that are the subject of this lawsuit, has been the Cook County Sheriff ("**Defendant Sheriff Dart**"). Defendant Sheriff Dart is in charge of the operations of the County Jail, including all policies, customs, or practices.  The acts of Defendant Sheriff Dart that are the subject of this lawsuit were undertaken in the regular course of his employment by Cook County.  Defendant Dart is sued in his official capacity as the Cook County Sheriff.

4.       Plaintiff designated as a defendant in the initial pro se complaint filed in this matter on June 7, 2011 ("**Initial Complaint**") "Aramark Food Services."  By the answer filed on its behalf, Aramark Food Services contends that the true name of such defendant is Aramark Correctional Services, LLC.  Aramark Correctional Services, LLC, is a Delaware limited liability company ("**Defendant Aramark**").  Defendant Aramark, at all times relevant to the incidents that are the subject of this lawsuit, has acted under color of state law pursuant to a contract to prepare and provide food for persons detained at the County Jail.  Defendant Aramark has implemented a policy or custom with regard to food provision, preparation, and service for persons detained at the County Jail that has deprived Plaintiff of certain of his rights guaranteed under the U.S. Constitution.

4.       Defendant Nurse Judy Price ("**Defendant Nurse Price**"), at all times relevant to the incidents that are the subject of this lawsuit, was and is a registered nurse employed by Cook County, or an agency or affiliate under its control, to provide healthcare or related services for individuals detained at the County Jail.  The acts of Defendant Nurse Price that are the subject of

2

this lawsuit were undertaken in the regular course of such employment. She is sued in her individual capacity.

5.      Defendant Nurse Jacqueline Jack ("**Defendant Nurse Jack**"), at all times relevant to the incidents that are the subject of this lawsuit, was and is a licensed practical nurse employed by Cook County, or an agency or affiliate under its control, to provide healthcare or related services for individuals detained at the County Jail. The acts of Defendant Nurse Jack that are the subject of this lawsuit were undertaken in the regular course of such employment. She is sued in her individual capacity.

6.      Defendant Nurse Diane Washington ("**Defendant Nurse Washington**"), at all times relevant to the incidents that are the subject of this lawsuit, was and is a licensed practical nurse employed by Cook County, or an agency or affiliate under its control, to provide healthcare or related services for individuals detained at the County Jail. The acts of Defendant Nurse Washington that are the subject of this lawsuit were undertaken in the regular course of such employment. She is sued in her individual capacity.

7.      Defendant Manisha Patel ("**Defendant Physician Assistant Patel**"), at all times relevant to the incidents that are the subject of this lawsuit, was and is physician's assistant employed by Cook County, or an agency or affiliate under its control, to provide healthcare or related services for individuals detained at the County Jail. The acts of Defendant Physician Assistant Patel that are the subject of this lawsuit were undertaken in the regular course of such employment. She is sued in her individual capacity.

8.      Defendant Doctor Sunita Williamson ("**Defendant Dr. Williamson**"), at all times relevant to the incidents that are the subject of this lawsuit, was and is a medical doctor employed by Cook County, or an agency or affiliate under its control, to provide healthcare or

related services for individuals detained at the County Jail.  The acts of Defendant Williamson

which are the subject of this lawsuit were undertaken in the regular course of such employment.

She is sued in her individual capacity.

9.      Defendant County of Cook in the State of Illinois ("**Defendant Cook County**") is

a local governmental unit under the laws of the state of Illinois.  Defendant Cook County has

jurisdiction over the on-site medical facility at the County Jail that provides health services for

its detainees, which facility is known as Cermak Health Services ("**Cermak Health**"), and more

generally over the County Jail as a whole.  Cook County, at all times relevant to the incidents

that are the subject of this lawsuit, has acted through its officials to implement a policy or custom

that has deprived Plaintiff of certain of his rights guaranteed by the U.S. Constitution.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over these claims pursuant to Article III, Section 1 of

the U.S. Constitution and 28 U.S.C. §§ 1331 and 1343.

11.     Venue is properly established in this judicial district pursuant to 28 U.S.C.

§ 1391(b) because a substantial part of the events underlying Plaintiff's cause of action occurred

(and continue to occur) while Plaintiff was (and continues to be) a pretrial detainee in a county

jail sitting in this judicial district.

## FACTUAL BACKGROUND

12.     Since January 2009, Plaintiff has been a pre-trial detainee at the County Jail.

13.     During the more than three years that Plaintiff has been awaiting trial in the

County Jail, the Defendants to this lawsuit, both collectively and individually, routinely have

deprived Plaintiff of adequate medical treatment and food, violating Plaintiff's Fourteenth

Amendment rights under the U.S. Constitution.

14.     Beginning in or around February 2009 and continuing until the present, Plaintiff

has received breakfast, lunch, or dinner meals that are uncovered or partially uncovered,

improper temperatures, and adulterated, including:

       a.     meals that arrive to Plaintiff without any covering or broken covering.
Further, on information and belief, the meals are transported from the
Central Kitchen area at the County Jail to the various Divisions in the Jail
without any protective covering for the individual meals;

       b.     meals that arrive to Plaintiff several hours – on occasion, as many as four
hours – after they are cooked or prepared. Food thus arrives to Plaintiff in
such a condition that either (i) cooked food has cooled to a temperature or
has been exposed to such conditions after cooking so as to create a serious
risk of harm to Plaintiff, or (ii) prepared food meant to be served cold has
not been appropriately refrigerated or has been exposed to such conditions
after preparation so that the food creates serious risks of harm to Plaintiff;
and

       c.     meals that arrive to Plaintiff containing foreign substances. Plaintiff has
discovered items in his food ranging from a beetle to a shoelace.

15.     Certain detainees at the County Jail are responsible for preparing and transporting

the food to the Plaintiff. On information and belief, some of these detainees have access to, and

place foreign objects into, individual meals while delivering the meals to the other detainees at

the County Jail.

16.     The food provided to Plaintiff during his three years at the County Jail has been

inadequate, in that the food has exposed Plaintiff to a serious risk of harm because of the ways in

which food is prepared, handled, and delivered to Plaintiff.

17.     On or about February 20, 2009, Plaintiff filed a grievance about the conditions of

the food that he was receiving and eating. Plaintiff's grievance indicated that food was delivered

uncovered, cold, and adulterated as detailed in Paragraph 14, above.

18.     Plaintiff never received any answer to his February 20, 2009 grievance.

19.     Again, on or about April 15, 2009, Plaintiff filed another grievance about the conditions of the food that he was receiving and eating.  Plaintiff's grievance indicated similar problems to the February 20, 2009 grievance, and as detailed in Paragraph 14 above.

20.     Plaintiff received no answer to his April 15, 2009 grievance.

21.     On or about May 28, 2009, Plaintiff followed up his February and April grievances by asking a social worker whether and when Plaintiff could expect a response. Plaintiff was informed that he should not file further grievances, and that no one would respond to Plaintiff's prior grievances.

22.     Plaintiff has filed multiple other grievances, all which have gone unanswered.

23.     At no time between the filing of the February 20, 2009, grievance and the present, have Defendants Aramark, Sheriff Dart, or Cook County taken any remedial steps to ensure that food arrives to Plaintiff in a condition that does not pose a serious risk of harm to the Plaintiff. That is, the conditions complained of in Plaintiff's prior grievances continue to this day.

24.     Moreover, beginning in May of 2010, Plaintiff began to experience symptoms of one or more serious medical conditions that he has suffered to the present day.

25.     On or about May 3, 2010, Plaintiff complained of severe pain in his stomach, abnormal bowels, appetite deprivation, sleep deprivation, and vomiting.

26.     Upon complaining of the symptoms in Paragraph 25, Plaintiff was taken to see Defendant Nurse Price. Defendant Nurse Price responded to Plaintiff's complaints of the aforementioned symptoms by ordering Plaintiff to be psychologically evaluated and placed in the County Jail's psychological unit.  Defendant Nurse Price characterized Plaintiff's symptoms as psychosomatic and psychological.

6

27.     During the one day that Plaintiff was in the psychological unit at the County Jail, his symptoms worsened.  Thereupon, he was returned to his normal unit.

28.     At no time did Defendant Nurse Price provide any treatment or relief for Plaintiff's symptoms.

29.     About one week later, on or about May 10, 2010, Plaintiff again complained of the symptoms in Paragraph 25.  Plaintiff was taken to see Defendant Nurse Washington.  Like Defendant Nurse Price, Defendant Nurse Washington dismissed Plaintiff's suffering as psychological.

30.     At no time did Defendant Nurse Washington provide any treatment or relief to Plaintiff.

31.     In late May or early June of 2010, Plaintiff lost consciousness.  Defendant Nurse Jack was brought in to evaluate the health condition of Plaintiff after he regained consciousness.

32.     At that time, Defendant Nurse Jack refused to treat Plaintiff or to relieve Plaintiff's symptoms.

33.     On several occasions in May and June, 2010, Plaintiff was taken to see Defendant Dr. Williamson.  Plaintiff continued to complain of the symptoms listed in Paragraph 25.

34.     Plaintiff requested that Defendant Dr. Williamson perform tests and evaluations to provide a diagnosis and relief from the stomach pain, appetite deprivation, sleep deprivation, and vomiting being caused by Plaintiff's yet-undiagnosed disease(s).

35.     At that time, the only medical test that Defendant Dr. Williamson ordered for Plaintiff was an x-ray.

36.     Defendant Dr. Williamson did not diagnose or provide relief to Plaintiff despite the suffering caused by Plaintiff's symptoms.

7

37.     By July 2010, Plaintiff's symptoms had persisted for several months and he was taken to see Defendant Physician Assistant Patel.  Plaintiff explained to Defendant Physician Assistant Patel that Plaintiff's symptoms had plagued him since May 2010, but Defendant Physician Assistant Patel neither examined nor treated Plaintiff at that time.

38.     During the period between, approximately, August and December of 2010, Plaintiff was sent to John H. Stroger Jr. Hospital of Cook County ("**Stroger**"), on occasion. Stroger is a medical facility that is part of Cook County's Bureau of Health Services.

39.     On December 10, 2010, during a visit to Stroger, Plaintiff was diagnosed with Heliobacter pylori, a treatable bacterial infection of the digestive tract.

40.     At or near the time of Plaintiff's diagnosis with Heliobacter pylori, certain medical professionals prescribed a course of antibiotics to treat Plaintiff's infection.

41.     Plaintiff did not receive his first medical treatment to address his bacterial infection until March of 2011.

42.     By the time that Plaintiff received the first dose of medication to cure the bacterial infection causing the suffering and symptoms listed in Paragraph 25, over nine months had passed from the time at which he first suffered the symptoms.

43.     Moreover, more than a year after his diagnosis, and continuing to the present, Plaintiff experiences abdominal pain and gastrointestinal symptoms.  Upon eating, Plaintiff subsequently vomits or experiences pain or other gastrointestinal symptoms. Additionally, Plaintiff has lost 22 pounds during his time at the County Jail.

44.     Despite the persistence of Plaintiff's symptoms, at no time after the course of Plaintiff's treatment with antibiotics did any of the individual defendants named in this suit, Defendant Sheriff Dart, or Defendant Cook County perform or order to be performed any

medical test to determine whether Plaintiff's infection had been cured and/or to determine the cause(s) of Plaintiff's continuing symptoms.

45.     Indeed, in January, 2012, Plaintiff requested an endoscopy to determine whether the diagnosed Heliobacter pylori infection had been eliminated, and to provide further diagnosis and treatment regarding his ongoing symptoms.

46.     Almost four months have passed since Plaintiff's request for the endoscopy, but the Medical Defendants and Cook County have not performed the procedure.

47.     After the institution of the instant lawsuit on June 7, 2011, Plaintiff was taken to Defendant Dr. Williamson with complaints of stomach pain, chest pain, and vomiting. Defendant Dr. Williamson refused to see Plaintiff, stating that her refusal was because of the lawsuit.

48.     Only after Plaintiff filed yet another grievance did Defendant Dr. Williamson agree finally to see Plaintiff.

49.     Even then Defendant Dr. Williamson did not treat or provide relief to Plaintiff in response to the symptoms, calling the symptoms "psychosomatic."

50.     On information and belief, beginning after the filing of the instant lawsuit, Defendants Nurse Price, Nurse Jack, Nurse Washington, Physician Assistant Patel, and Dr. Williamson (collectively, the "**Medical Defendants**"), along with other unnamed employees of Cermak Health or Cook County, have inaccurately recorded or failed to record Plaintiff's symptoms and requests for treatment. Specifically, the Medical Defendants have incorrectly stated that Plaintiff has no symptoms and/or that Plaintiff has refused treatment.

51.     As a result of the aforementioned inadequate food service and medical treatment, Plaintiff has suffered greatly, both physically and mentally. During the three years that Plaintiff

has been awaiting trial at the County Jail, Plaintiff has contracted a food-borne bacterial infection

(Heliobacter pylori), and perhaps other undiagnosed medical conditions from eating improperly

served food; suffered stomach pain, chest pain, appetite deprivation, sleep deprivation, nausea,

and vomiting; has received infrequent and inadequate medical attention despite repeated requests

for relief; and has repeatedly had his constitutional rights violated by Defendants Sheriff Dart,

Cook County, Aramark, and the Medical Defendants.

<u>COUNT I</u>
**(Violations of Plaintiff's Rights Based on Inadequate Food Service)**

52.     Paragraphs 1 through 51 are adopted and incorporated by reference.

53.     Acting under color of law and the authority of Cook County, Defendants

Aramark, Cook County, and Sheriff Dart acted with deliberate indifference for Plaintiff's

constitutionally guaranteed rights and did thereby deprive Plaintiff of the rights granted to him

by the Fourteenth Amendment of the U.S. Constitution by:

       a.     adopting a policy, custom, or practice with regard to food service to detainees at the County Jail whereby food was delivered to detainees uncovered, at an improper temperature, and adulterated, and in such a state as to cause to Plaintiff a serious risk of harm of contracting an infection such as Heliobacter pylori;

       b.     knowingly condoning, through said policy, custom, or practice, the behavior of individuals that created the aforementioned conditions with respect to Plaintiff's food; and/or

       c.     knowingly condoning, by failing to take any remedial measures after becoming aware of the widespread inadequacies in food preparation, handling, and delivery to detainees, the behavior of individuals that created the aforementioned conditions with respect to Plaintiff's food.

54.     In so doing, Defendants Aramark, Cook County, and Sheriff Dart deprived

Plaintiff of the humane conditions of confinement secured to him by the Fourteenth Amendment

of the U.S. Constitution during his detention at the County Jail through a policy, custom, or

practice that was deliberately indifferent to the serious risk of harm posed to Plaintiff by the

inadequate food at the County Jail.

## COUNT II
### (Violations of Plaintiff's Rights Based on Inadequate Medical Care)

55.     Paragraphs 1 through 51 are adopted and incorporated by reference.

56.     Acting under color of law and the authority of Cook County, Defendants Sheriff

Dart and Cook County intentionally and with complete and deliberate indifference for Plaintiff's

constitutionally guaranteed rights did thereby deprive Plaintiff of the rights granted to him by the

Fourteenth Amendment of the U.S. Constitution by:

> a.      adopting a policy, custom, or practice with regard to medical treatment for
> detainees at the County Jail whereby detainees' serious and legitimate
> medical conditions are disregarded, delayed, and untreated for long
> periods, if at all, especially in light of Plaintiff's prolonged suffering from
> a treatable bacterial infection;

> b.      knowingly condoning, through said policy, custom, or practice, the
> behavior of individuals that encouraged or permitted the disregard and
> delay in treatment of Plaintiff's serious medical condition; and/or

> c.      knowingly condoning, by failing to take any remedial measures after
> becoming aware of the widespread inadequacies in medical treatment at
> the County Jail, the behavior of individuals that created the
> aforementioned inadequacies in Plaintiff's medical treatment.

57.     In so doing, Defendants Cook County and Sheriff Dart deprived Plaintiff of the

humane conditions of confinement secured to him by the Fourteenth Amendment of the U.S.

Constitution during his detention at the County Jail through a policy, custom, or practice that was

deliberately indifferent to Plaintiff's serious medical condition posed by the inadequate medical

treatment at the County Jail.

## COUNT III
### (Violations of Plaintiff's Rights Based on Inadequate Medical Care)

58.     Paragraphs 1 through 51 are adopted and incorporated by reference.

59.     Acting under color of law and the authority of Cook County, the Medical

Defendants intentionally and with complete and deliberate indifference for Plaintiff's

constitutionally guaranteed rights did thereby deprive Plaintiff of the rights granted to him by the

Fourteenth Amendment of the U.S. Constitution by:

        a.     disregarding or dismissing Plaintiff's symptoms and requests for medical attention, despite being aware that Plaintiff was having difficulty eating and sleeping, experiencing intense stomach pain, vomiting, and losing weight;

        b.     providing, to the extent that any medical treatment was provided, treatment that was plainly inappropriate or insufficient to address Plaintiff's symptoms, especially as those symptoms began to recur month after month for the period of almost two years; and/or

        c.     delaying even the minimal steps to diagnose and treat Plaintiff's serious medical condition, both before and after Plaintiff was finally diagnosed by medical professionals (other than the Medical Defendants), which exacerbated Plaintiff's condition and has prolonged and increased Plaintiff's suffering.

60.     In so doing, the Medical Defendants deprived Plaintiff of the humane conditions

of confinement secured to him by the Fourteenth Amendment of the U.S. Constitution during his

detention at the County Jail through their deliberate indifference to Plaintiff's serious medical

condition.

<b>RELIEF REQUESTED</b>

WHEREFORE, Plaintiff prays that this Court:

1.      Award to Plaintiff compensatory damages in an amount to be determined at trial,

but not less than the amount of $500,000, jointly and severally against all Defendants for the

matters alleged in this First Amended Complaint;

2.      Award to Plaintiff punitive damages in an amount to be determined at trial against

all Defendants;

3. Award Plaintiff attorneys' and experts' fees and costs pursuant to 28 U.S.C.

§ 1988 and other federal law;

4. Plaintiff further requests that a mandatory injunction issue against the Defendants, requiring that the Defendants implement customs, policies, or practices to ensure that Plaintiff receives adequate medical treatment and food service while at the County Jail; and that, additionally, Defendants be required to provide to Plaintiff healthful, nutritious meals that do not impose upon Plaintiff a serious risk of harm, and to provide to Plaintiff prompt and adequate medical treatment, for the remainder of Plaintiff's detention at the County Jail; and

5. Grant such other and further relief as this Court deems just and proper.

Dated: April 23, 2011                                  Respectfully submitted,

                                                       **MAZEN JUBEH**

                                                       By: _s/ Roger L. Longtin_
                                                              One of his Attorneys

Michael O'Neil (ARDC No. 06201736)
Roger L. Longtin (ARDC No. 01689185)
Ridgely J. Jackson (ARDC No. 6289817)
Eric M. Roberts (ARDC No. 6306839)
DLA Piper LLP (US)
203 North LaSalle Street
Suite 1900
Chicago, IL  60601
T: (312) 368-4000

**CERTIFICATE OF SERVICE**

Roger L. Longtin, an attorney, certifies that **April 23, 2012**, he caused the foregoing *Amended Complaint* to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties. Parties may access this filing through the Court's CM/ECF system.

                                                       By: _s/ Roger L. Longtin_

EAST\48366568.3